FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2015 AUG 18  PM 4 59

# UNITED STATES DISTRICT COURT

STEPHAN HARRIS, CLERK

### DISTRICT OF WYOMING CHEYENNE

| | | |
|---|---|---|
| KELLY JAMES | ) | Case Number: 15 CV 141 —F |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROCKY MOUNTAIN RECOVERY SYSTEMS, | ) | |
| INC., A Wyoming Corporation, | ) | |
| WILKERSON & BREMER, A PROFESSIONAL | ) | |
| CORPORATION, A Wyoming Corporation, | ) | |
| MICHAEL B. WILKERSON, | ) | |
| CHARLOTTE B. WILKERSON, | ) | |
| DANIEL B. WILKERSON, | ) | |
| JOHN DOE 1 through 10, as employees of Rocky | ) | |
| Mountain Recovery Systems, Inc., | ) | **Jury Trial Demanded** |
| JOHN DOE 11 through 20, as shareholders for | ) | |
| Rocky Mountain Recovery Systems, Inc., | ) | |
| JOHN DOE 21 through 30, as Officers or Directors | ) | |
| of Rocky Mountain Recovery Systems, Inc., | ) | |
| JOHN DOE 31-40, as attorneys for Rocky | ) | |
| Mountain Recovery Systems, Inc., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## COMPLAINT

COMES NOW, the above captioned Plaintiff, Kelly James, pro se, and hereby files for relief against the above captioned Defendants stating and alleging, in addition to such further evidentiary support as discovery is likely to reveal, as follows:

### FACTS COMMON TO ALL COUNTS

1. That venue and jurisdiction are proper in Laramie County, Cheyenne, Wyoming as the

events surrounding Plaintiff's claims occurred in this federal district and/or the Defendants have availed themselves of jurisdiction in said district by doing business therein.

2. That on or about September 2, 2014, Rocky Mountain Recovery Systems, Inc. ("RMR") mailed or caused to be mailed, under the direct authority and supervision of Defendants, voluntarily, a written initial communication to Plaintiff, alleging money owed for an account placed with RMR for collection, account no. 151454.

3. That on September 25, 2014, and in response to RMR's written communication on or about September 2, 2014, Plaintiff notified RMR by certified mail, Plaintiff "refused to pay" the debt, and thereby asserting a cease communications directive against RMR, pursuant to the plain and unambiguous language found under the FDCPA, 15 U.S.C.A. § 1692c(c) (Exhibit 1). The cease communications directive was received by RMR on September 29, 2014, per the FDCPA, Plaintiff's cease communications directive was complete upon CCI's receipt. The FDCPA does not require a debt collector validate the debt upon a dispute; it requires it only if the debt collector desires to continue to collect.

4. That on or about September 29, 2014, RMR violated the cease communications directive which had been lawfully asserted by Plaintiff and received by RMR (Exhibit 2). RMR's further communication, via U.S. Postal Service ("Notice"), was not one of the statutory defined exceptions to the cease communications directive.

5. That on or about October 7, 2014, RMR violated the cease communications directive which had been lawfully asserted by Plaintiff and received by RMR. RMR's further communication, via telephone call at 9:11am, was not one of the statutory defined exceptions to

the cease communications directive.

6. That on or about October 7, 2014, RMR violated the cease communications directive which had been lawfully asserted by Plaintiff and received by RMR. RMR's further communication, via telephone call at 9:13am, was not one of the statutory defined exceptions to the cease communications directive.

7. That on or about October 23, 2014, RMR violated the cease communications directive which had been lawfully asserted by Plaintiff and received by RMR. RMR's further communication, via telephone call at 9:53am, was not one of the statutory defined exceptions to the cease communications directive.

8. That on or about April 7, 2015, RMR mailed or caused to be mailed, under the direct authority and supervision of Defendants, voluntarily, a written initial communication to Plaintiff, alleging money owed for an account placed with RMR for collection, account no. 162090.

9. That on or about April 20, 2015, RMR mailed or caused to be mailed, under the direct authority and supervision of Defendants, voluntarily, a written initial communication to Plaintiff, alleging money owed for an account placed with RMR for collection, account no. 162090.

10. That on April 27, 2015, and in response to RMR's written communications on or about April 7, 2015, and April 20, 5015, Plaintiff notified RMR by certified mail, Plaintiff "refused to pay" the debt, and thereby asserting a cease communications directive against RMR, pursuant to the plain and unambiguous language found under the FDCPA, 15 U.S.C.A. § 1692c(c) (Exhibit 3). The cease communications directive was received by RMR on April 29, 2015, per the FDCPA, Plaintiff's cease communications directive was complete upon CCI's receipt. The

FDCPA does not require a debt collector validate the debt upon a dispute; it requires it only if the debt collector desires to continue to collect.

11. That on or about April 29, 2015, RMR violated the cease communications directive which had been lawfully asserted by Plaintiff and received by RMR (Exhibit 4). RMR's further communication, via U.S. Postal Service ("Notice"), was not one of the statutory defined exceptions to the cease communications directive.

12. That on or about May 4, 2015, RMR violated the cease communications directive which had been lawfully asserted by Plaintiff and received by RMR. RMR's further communication, via telephone call at 9:28am, was not one of the statutory defined exceptions to the cease communications directive.

13. That on or about May 14, 2015, RMR violated the cease communications directive which had been lawfully asserted by Plaintiff and received by RMR. RMR's further communication, via telephone call at 5:26pm, was not one of the statutory defined exceptions to the cease communications directive. During this telephone conversation "Candy" stated that "she knew she wasn't supposed to call."

14. That on or about June 12, 2015, RMR violated the cease communications directive which had been lawfully asserted by Plaintiff and received by RMR (Exhibit 5). RMR's further communication, via U.S. Postal Service ("Notice"), was not one of the statutory defined exceptions to the cease communications directive.

15. That on or about July 14, 2015, RMR and Wilkerson & Bremer, A Professional Corporation, violated the cease communications directive which had been lawfully asserted by

Plaintiff and received by RMR (Exhibit 6). RMR and Wilkerson & Bremer, A Professional Corporation's further communication, via U.S. Postal Service ("Notice"), was not one of the statutory defined exceptions to the cease communications directive.

## COUNT 1: VIOLATION OF 15 U.S.C.A. § 1692c(c)

16. Plaintiff incorporates by reference and re-alleges paragraphs (1) through (3) as if fully set forth herein. The Defendants violations of the 15 U.S.C.A. § 1692c(c) include but are not limited to the following:

17. That John Does 11-20 are the shareholders of RMR.

18. That Michael B. Wilkerson, Daniel B. Wilkerson, Charlotte B. Wilkerson, and John Does 21-30 are the officers and/or the directors of RMR.

19. That John Does 1-10 are employees of RMR.

20. That Daniel B. Wilkerson is the resident manager of RMR.

21. That Wilkerson & Bremer, A Professional Corporation and John Doe 31-40 are attorneys for RMR.

22. RMR is a Debt Collector as defined by 15 U.S.C.A. § 1692a(6) in that RMR "uses any instrumentality of interstate commerce or the mails in [its] business the principal purpose of which is the collection of any debt, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

23. That RMR's resident manager, employees, shareholders, officers, and directors are Debt Collectors as defined by 15 U.S.C.A. § 1692a(6) in that they "uses any instrumentality of interstate commerce or the mails in [its] business the principal purpose of which is the collection

of any debt, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

24. That the Defendants were all personally involved in authorizing, allowing, ratifying, drafting, preparing, merging, and/or mailing: the Notice mailed to the Plaintiff; and/or other unlawful collection actions surrounding the mailings and telephone communications.

25. That the Plaintiff is a consumer as defined by I5 U.S.C.A. § I692a(3) in that the Plaintiff is a "...natural person...allegedly obligated to pay [a] debt."

26. That the obligations alleged to be owed by the Plaintiff on the Notice are Debts as defined by 15 U.S.C.A. § 1692a(5) in that they are ...an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

27. That on or about September 29, 2014, October 7, 2014, at 9:11am and 9:13am, October 23, 2014, at 9:53am, April 29, 2015, May 4, 2015, at 9:28am, May 14, 2015 at 5:26pm, June 12, 2015, and July 14, 2015, RMR violated the cease communications directive which had been lawfully asserted by Plaintiff and received by RMR. RMR's communications were not one of the statutory defined exceptions to the cease communications directive.

## COUNT 2 VIOLATIONS OF 15 U.S.C.A. § 1692d

28. Plaintiff incorporates by reference and re-alleges paragraphs (1) through (15) as if fully set forth herein. The Defendants violations of the 15 U.S.C.A. § 1692d include but are not limited to the following:

29. Defendants violated 15 U.S.C.A. § 1692d by mailing or causing to be mailed the Notice to Plaintiff which the natural consequence of which is to harass, oppress, and/or abuse Plaintiff.

## COUNT 3 VIOLATIONS OF 15 U.S.C.A. § 1692e

30. Plaintiff incorporates by reference and re-alleges paragraphs (1) through (17) as if fully set forth herein. The Defendants violations of the 15 U.S.C.A. § 1692e include but are not limited to the following:

31. Defendants violated 15 U.S.C.A. § 1692e by mailing or causing to be mailed the Notice to Plaintiff which is a false, deceptive, and/or misleading representation and/or means to collect a debt.

## COUNT 4 VIOLATIONS OF 15 U.S.C.A. § 1692e(5)

32. Plaintiff incorporates by reference and re-alleges paragraphs (1) through (19) as if fully set forth herein. The Defendants violations of the 15 U.S.C.A. § 1692e(5) include but are not limited to the following:

33. Defendants violated 15 U.S.C.A. § 1692e(5) by mailing or causing to be mailed the Notice to Plaintiff which is an action that cannot legally be taken.

## COUNT 5 VIOLATIONS OF 15 U.S.C.A. § 1692e(10)

34. Plaintiff incorporates by reference and re-alleges paragraphs (1) through (21) as if fully set forth herein. The Defendants violations of the 15 U.S.C.A. § 1692e(10) include but are not limited to the following:

35. Defendants violated 15 U.S.C.A. § 1692e(10) by mailing or causing to be mailed the Notice to Plaintiff which is the use of a false representation and/or a deceptive means to attempt to collect a debt and/or to obtain information about the Plaintiff.

## COUNT 6 VIOLATIONS OF 15 U.S.C.A. § 1692f

36. Plaintiff incorporates by reference and re-alleges paragraphs (1) through (23) as if fully set forth herein. The Defendants violations of the 15 U.S.C.A. § 1692f include but are not limited to the following:

37. Defendants violated 15 U.S.C.A. § 1692f by mailing or causing to be mailed the Notice to Plaintiff which is an unfair and/or unconscionable means to collect or attempt to collect a debt.

## COUNT 7 VIOLATIONS OF CHAPTER 4, SECTION 6 OF THE "RULES & REGULATIONS OF THE COLLECTION AGENCY BOARD

38. Plaintiff incorporates by reference and re-alleges paragraphs (1) through (26) as if fully set forth herein.

39. That Chapter 4, Section 6 of the Rules & Regulations of the Collection Agency Board ("Regulations") creates a state cause of action and private right of action for damages for conduct that violates the provisions of the "Fair Debt Collection Practices Act (FDCPA) as issued and

amended as of October 13, 2006, and contained in Title I of the Consumer Credit Protection Act (15 U.S.C. 1601 et seq.)."

40. That the Defendants violations of the FDCPA are per se violations of the Regulations.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kelly James, respectfully requests this Honorable Court find in her favor and enter judgment against the Defendants in the amounts set forth below:

Plaintiff requests judgment against <u>RMR</u> in the amount of not less than $15,000 consisting of the following:

    a.  Actual damages in the amount of not less than $5,000.00 joint and severally with the other Defendants;

    b.  Court costs joint and severally with the other Defendants;

    c.  Service costs joint and severally with the other Defendants;

    d.  Code damages in an amount not less than $5,000.00;

    e.  Statutory damages in an amount not less than $5,000.00;

    f.  Punitive damages in an amount to be determined by the jury;

    g.  Attorney's fees joint and severally with the other Defendants.

Plaintiff requests judgment against <u>Michael B. Wilkerson</u> in the amount of not less than $15,000 consisting of the following:

    a.  Actual damages in the amount of not less than $5,000.00 joint and severally with the other Defendants;

    b.  Court costs joint and severally with the other Defendants;

    c.  Service costs joint and severally with the other Defendants;

    d.  Code damages in an amount not less than $5,000.00;

    e.  Statutory damages in an amount not less than $5,000.00;

    f.  Punitive damages in an amount to be determined by the jury;

    g.  Attorney's fees joint and severally with the other Defendants.

Plaintiff requests judgment against <u>Daniel B. Wilkerson</u> in the amount of not less than $15,000 consisting of the following:

    a.  Actual damages in the amount of not less than $5,000.00 joint and severally with the other Defendants;

    b.  Court costs joint and severally with the other Defendants;

    c.  Service costs joint and severally with the other Defendants;

    d.  Code damages in an amount not less than $5,000.00;

    e.  Statutory damages in an amount not less than $5,000.00;

    f.  Punitive damages in an amount to be determined by the jury;

    g.  Attorney's fees joint and severally with the other Defendants.

Plaintiff requests judgment against <u>Charlotte B. Wilkerson</u> in the amount of not less than $15,000 consisting of the following:

    a.  Actual damages in the amount of not less than $5,000.00 joint and severally with the other Defendants;

    b.  Court costs joint and severally with the other Defendants;

    c.  Service costs joint and severally with the other Defendants;

    d.  Code damages in an amount not less than $5,000.00;

    e.  Statutory damages in an amount not less than $5,000.00;

    f.  Punitive damages in an amount to be determined by the jury;

    g.  Attorney's fees joint and severally with the other Defendants.

Plaintiff requests judgment against <u>Daniel B. Wilkerson</u> in the amount of not less than $15,000 consisting of the following:

    a.  Actual damages in the amount of not less than $5,000.00 joint and severally with the other Defendants;

    b.  Court costs joint and severally with the other Defendants;

    c.  Service costs joint and severally with the other Defendants;

    d.  Code damages in an amount not less than $5,000.00;

    e.  Statutory damages in an amount not less than $5,000.00;

    f.  Punitive damages in an amount to be determined by the jury;

    g.  Attorney's fees joint and severally with the other Defendants.

Plaintiff requests judgment against <u>Wilkerson & Bremer, A Professional Corporation</u> in the amount of not less than $15,000 consisting of the following:

    a.  Actual damages in the amount of not less than $5,000.00 joint and severally with the other Defendants;

    b.  Court costs joint and severally with the other Defendants;

    c.  Service costs joint and severally with the other Defendants;

    d.  Code damages in an amount not less than $5,000.00;

    e.  Statutory damages in an amount not less than $5,000.00;

    f.  Punitive damages in an amount to be determined by the jury;

    g.  Attorney's fees joint and severally with the other Defendants.

Plaintiff requests judgment against JOHN DOE 1 through 10, as employees of RMR in the amount of not less than $15,000 consisting of the following:

    a.  Actual damages in the amount of not less than $5,000.00 joint and severally with the other Defendants;

    b.  Court costs joint and severally with the other Defendants;

    c.  Service costs joint and severally with the other Defendants;

    d.  Code damages in an amount not less than $5,000.00;

    e.  Statutory damages in an amount not less than $5,000.00;

    f.  Punitive damages in an amount to be determined by the jury;

    g.  Attorney's fees joint and severally with the other Defendants.

Plaintiff requests judgment against JOHN DOE 11 through 20, as shareholders for RMR in the amount of not less than $15,000 consisting of the following:

    a.  Actual damages in the amount of not less than $5,000.00 joint and severally with the other Defendants;

    b.  Court costs joint and severally with the other Defendants;

c. Service costs joint and severally with the other Defendants;

d. Code damages in an amount not less than $5,000.00;

e. Statutory damages in an amount not less than $5,000.00;

f. Punitive damages in an amount to be determined by the jury;

g. Attorney's fees joint and severally with the other Defendants.

Plaintiff requests judgment against JOHN DOE 21 through 30, as Officers or Directors of RMR in the amount of not less than $15,000 consisting of the following:

a. Actual damages in the amount of not less than $5,000.00 joint and severally with the other Defendants;

b. Court costs joint and severally with the other Defendants;

c. Service costs joint and severally with the other Defendants;

d. Code damages in an amount not less than $5,000.00;

e. Statutory damages in an amount not less than $5,000.00;

f. Punitive damages in an amount to be determined by the jury;

g. Attorney's fees joint and severally with the other Defendants.

Plaintiff requests judgment against JOHN DOE 31 through 40, as attorneys for RMR in the amount of not less than $15,000 consisting of the following:

a. Actual damages in the amount of not less than $5,000.00 joint and severally with the other Defendants;

b. Court costs joint and severally with the other Defendants;

    c.   Service costs joint and severally with the other Defendants;

    d.   Code damages in an amount not less than $5,000.00;

    e.   Statutory damages in an amount not less than $5,000.00;

    f.   Punitive damages in an amount to be determined by the jury;

Attorney's fees joint and severally with the other Defendants.

Together with Attorneys' fees, expenses, and costs as may accrue hereafter and allowed by law, and for such further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Kelly James, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

Date: August 18, 2015

Kelly James
3422 Cribbon Avenue
Cheyenne, Wyoming 82001
kj_james71@yahoo.com
307-635-3119