Bret T. Allred; 6-3835
Basin Law Group, LLC
117 N. Bent St.
Powell, WY  82435
Telephone: 307-271-6008
Fax: 877-295-3104
Attorney for Defendant

# UNITED STATES DISTRICT COURT

For the
District of Wyoming

| | |
|---|---|
| KELLY JAMES | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) Case No. 15-CV-141-F |
| ROCKY MOUNTAIN RECOVERY | ) |
| SYSTEMS, INC. et al. | ) |
| *Defendants* | ) |

# ROCKY MOUNTAIN RECOVERY SYSTEMS, INC.'S ANSWER TO COMPLAINT

**COMES NOW** the Defendant, Rocky Mountain Recovery Systems, Inc. and answers the

Plaintiff's Complaint by answering, averring and stating as follows:

## ANSWER

1.  Paragraph number "1" is admitted.

2.  Paragraph number "2" is admitted to the extent that, on or about September 2, 2014,

    Defendant, Rocky Mountain Recovery Systems, Inc., mailed, or caused to be mailed, a

    written initial communication to Plaintiff, alleging money owed for an account placed with

    Defendant for collection, account no. 151454.  The remainder is denied.

3.  Paragraph number "3" is admitted to the extent that in September or October 2014 Defendant

    received a dispute letter for account 151454.  The remainder is denied.

4.  Paragraph number "4" is denied

5. Paragraph number "5" is admitted to the extent that on October 7, 2014 Defendant did attempt to communicate with the Plaintiff.  The remainder is denied.

6. Paragraph number "6" is admitted to the extent that on October 7, 2014 Defendant did attempt to communicate with the Plaintiff.  The remainder is denied.

7. Paragraph number "7" is admitted to the extent that on October 23, 2014 Defendant did attempt to communicate with the Plaintiff.  The remainder is denied.

8. Paragraph number "8" is admitted to the extent that, on or about April 7, 2015, Defendant mailed, or caused to be mailed, a written initial communication to Plaintiff, alleging money owed for an account placed with Defendant for collection, account no. 162090.  The remainder is denied.

9. Paragraph number "9" is admitted to the extent that, on or about April 20, 2015, Defendant mailed, or caused to be mailed, a written communication to Plaintiff regarding account no. 162090.  The remainder is denied.

10. Paragraph number "10" is admitted to the extent that on April 29, 2015 Defendant received a dispute letter for account 162090 stating, inter alia, Plaintiff's refusal to pay.  The remainder is denied.

11. Paragraph number "11" is denied.

12. Paragraph number "12" is admitted to the extent that on May 4, 2015 Defendant did attempt to communicate with the Plaintiff.  The remainder is denied.

13. Paragraph number "13" is admitted to the extent that on May 14, 2015 Defendant did communicate with the Plaintiff.  The remainder is denied.

14. Paragraph number "14" is admitted to the extent that, on or about June 12, 2015, Defendant mailed, or caused to be mailed, a written communication to Plaintiff regarding account no. 162090.  The remainder is denied.

15. Paragraph number "15" is admitted to the extent that, on or about July 14, 2015, Wilkerson & Bremer, P.C. mailed, or caused to be mailed, a written communication to Plaintiff.  The remainder is denied.

16. Paragraph number "16" incorporates previous paragraphs by reference and therefore is answered as previously stated herein.

17. Paragraph number "17", is denied as Defendant is without knowledge as to the truthfulness of the averments contained therein.

18. Paragraph number "18", is admitted to the extent that Michael B. Wilkerson, Daniel B. Wilkerson and Charlotte B. Wilkerson are officers and/or directors of Defendant.  The remainder is denied.

19. Paragraph number "19", is denied as Defendant is without knowledge as to the truthfulness of the averments contained therein.

20. Paragraph number "20" is admitted.

21. Paragraph number "21 is admitted to the extent that Wilkerson & Bremer provided legal services for Defendant.  The remainder is denied for lack of knowledge as to its truthfulness.

22. Paragraph number "22" is an expression of a legal argument and does not contain any factual averments requiring an answer.

23. Paragraph number "23" is an expression of a legal argument and does not contain any factual averments requiring an answer.

24. Paragraph number "24" is denied.

25. Paragraph number "25" is an expression of a legal argument and does not contain any factual averments requiring an answer.

26. Paragraph number "26" is an expression of a legal argument and does not contain any factual averments requiring an answer.

27. Paragraph number "27" is an expression of a legal argument and does not contain any factual averments requiring an answer.

28. Paragraph number "28" incorporates previous paragraphs by reference and therefore is answered as previously stated herein.

29. Paragraph number "29" is an expression of a legal argument and does not contain any factual averments requiring an answer.

30. Paragraph number "30" incorporates previous paragraphs by reference and therefore is answered as previously stated herein.

31. Paragraph number "31" is an expression of a legal argument and does not contain any factual averments requiring an answer.

32. Paragraph number "32" incorporates previous paragraphs by reference and therefore is answered as previously stated herein.

33. Paragraph number "33" is an expression of a legal argument and does not contain any factual averments requiring an answer.

34. Paragraph number "34" incorporates previous paragraphs by reference and therefore is answered as previously stated herein.

35. Paragraph number "35" is an expression of a legal argument and does not contain any factual averments requiring an answer.

36. Paragraph number "36" incorporates previous paragraphs by reference and therefore is answered as previously stated herein.

37. Paragraph number "37" is an expression of a legal argument and does not contain any factual averments requiring an answer.

38. Paragraph number "38" incorporates previous paragraphs by reference and therefore is answered as previously stated herein.

39. Paragraph number "39" is an expression of a legal argument and does not contain any factual averments requiring an answer.

40. Paragraph number "40" is an expression of a legal argument and does not contain any factual averments requiring an answer.

41. To the extent an averment in the complaint contains legal argument and not a factual assertion such arguments are not responded to hereby.

42. All other averments contained in the Plaintiff's Complaint which are not directly admitted by this answer are hereby denied.

**AFFIRMATIVE DEFENSES**

43. The Defendant affirmatively states that the facts averred by the Plaintiff fail to state a claim upon which relief can be granted.

44. In the alternative, the Defendant affirmatively states that the alleged conduct averred in the Plaintiff's complaint are shielded from liability pursuant to 15 U.S.C. 1692k(c) (Bona fide error).

## COUNTERCLAIMS

FACTS COMMON TO ALL COUNTS

1. Jurisdiction and venue are proper in this Honorable Court as the original claim for relief is for an alleged violation of federal law and the Defendant does business within the state of Wyoming.

2. The Plaintiff initiated the above-captioned civil judicial proceeding ("**Case**")

3. The Case was filed against the Defendant, inter alia.

4. The Defendant has suffered damages as a result of the Case

VIOLATION OF 15 U.S.C.A. 1692k(a)(3)

5. Defendant restates paragraphs "1" through "4" of its counterclaim as if fully set forth herein.

6. The complaint contains legal contentions against the Defendant that are not warranted by existing law

7. The complaint names the Defendant as liable for all of the alleged legal violations and was performed in bad faith and for the purposes of harassment.

MALICIOUS PROSECUTION

1. Defendant restates paragraphs "1" through "4" of its counterclaim as if fully set forth herein.

2. The complaint contains claims against the Defendant that are not warranted by existing law and will terminate in favor of Defendant.

3. Plaintiff possessed malice in institution the Case against the Defendant.

4.  The complaint contains many alleged legal violations by the Defendant with want of probable cause against the Defendant.

**WHEREFORE** the above identified Defendant prays as follows:

A.  Plaintiff's complaint be dismisses and the Plaintiff take nothing thereby.

B.  For an  award of compensatory damages

C.  For an award of punitive damages resulting from Plaintiff's malicious actions.

D.  For an award of attorney fees pursuant to 15 U.S.C. 1692k(a)(3).

E.  For such other and further relief as the court deems just and proper under the premises.

**DATED** this 6th day of November, 2015,

Bret T. Allred; 6-3835
Basin Law Group, LLC
117 N. Bent St.
Powell, WY  82435
Telephone: 307-271-6008
Fax: 877-295-3104

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of November 2015, I served a true and exact copy of the foregoing upon the following as indicated:

Kelly James
3422 Cribbon Avenue
Cheyenne, Wyoming 82001
*By U.S. First Class Mail.*

Bret T. Allred