Bret T. Allred; 6-3835
Basin Law Group, LLC
117 N. Bent St.
Powell, WY  82435
Telephone: 307-271-6008
Fax: 877-295-3104
Attorney for Defendant

# UNITED STATES DISTRICT COURT

For the
District of Wyoming

| | |
|---|---|
| KELLY JAMES<br>*Plaintiff*<br>v.<br><br>ROCKY MOUNTAIN RECOVERY<br>SYSTEMS, INC. et al.<br>*Defendants* | )<br>)<br>)<br>) Case No. 15-CV-141-F<br>)<br>)<br>)<br>) |

# WILKERSON & BREMER, P.C.'S ANSWER TO COMPLAINT

**COMES NOW** the Co-Defendant, Wilkerson & Bremer, P.C. and answers the Plaintiff's Complaint by answering, averring and stating as follows:

## ANSWER

1. Paragraph number "1" is admitted.

2. Paragraph number "2" is admitted to the extent that, on or about September 2, 2014, Rocky Mountain Recovery Systems, Inc. (**"RMR"**) mailed, or caused to be mailed, a written initial communication to Plaintiff, alleging money owed for an account placed with RMR for collection, account no. 151454.  The remainder is denied.

3. Paragraph number "3" is admitted to the extent that in September or October 2014 RMR received a dispute letter for account 151454.  The remainder is denied.

4. Paragraph number "4" is denied

5. Paragraph number "5" is admitted to the extent that on October 7, 2014 RMR did attempt to communicate with the Plaintiff. The remainder is denied.

6. Paragraph number "6" is admitted to the extent that on October 7, 2014 RMR did attempt to communicate with the Plaintiff. The remainder is denied.

7. Paragraph number "7" is admitted to the extent that on October 23, 2014 RMR did attempt to communicate with the Plaintiff. The remainder is denied.

8. Paragraph number "8" is admitted to the extent that, on or about April 7, 2015, RMR mailed, or caused to be mailed, a written initial communication to Plaintiff, alleging money owed for an account placed with RMR for collection, account no. 162090. The remainder is denied.

9. Paragraph number "9" is admitted to the extent that, on or about April 20, 2015, RMR mailed, or caused to be mailed, a written communication to Plaintiff regarding account no. 162090. The remainder is denied.

10. Paragraph number "10" is admitted to the extent that on April 29, 2015 RMR received a dispute letter for account 162090 stating, inter alia, Plaintiff's refusal to pay. The remainder is denied.

11. Paragraph number "11" is denied.

12. Paragraph number "12" is admitted to the extent that on May 4, 2015 RMR did attempt to communicate with the Plaintiff. The remainder is denied.

13. Paragraph number "13" is admitted to the extent that on May 14, 2015 RMR did communicate with the Plaintiff. The remainder is denied.

14. Paragraph number "14" is admitted to the extent that, on or about June 12, 2015, RMR mailed, or caused to be mailed, a written communication to Plaintiff regarding account no. 162090. The remainder is denied.

15. Paragraph number "15" is admitted to the extent that, on or about July 14, 2015, Co-Defendant, Wilkerson & Bremer, P.C. mailed, or caused to be mailed, a written communication to Plaintiff. The remainder is denied.

16. Paragraph number "16" incorporates previous paragraphs by reference and therefore is answered as previously stated herein.

17. Paragraph number "17", is denied as Co-Defendant is without knowledge as to the truthfulness of the averments contained therein.

18. Paragraph number "18", is admitted to the extent that Michael B. Wilkerson, Daniel B. Wilkerson and Charlotte B. Wilkerson are officers and/or directors of RMR. The remainder is denied.

19. Paragraph number "19", is denied as Co-Defendant is without knowledge as to the truthfulness of the averments contained therein.

20. Paragraph number "20" is admitted.

21. Paragraph number "21 is admitted to the extent that Co-Defendant provided legal services for RMR. The remainder is denied for lack of knowledge as to its truthfulness.

22. Paragraph number "22" is an expression of a legal argument and does not contain any factual averments requiring an answer.

23. Paragraph number "23" is an expression of a legal argument and does not contain any factual averments requiring an answer.

24. Paragraph number "24" is denied.

25. Paragraph number "25" is an expression of a legal argument and does not contain any factual averments requiring an answer.

26. Paragraph number "26" is an expression of a legal argument and does not contain any factual averments requiring an answer.

27. Paragraph number "27" is an expression of a legal argument and does not contain any factual averments requiring an answer.

28. Paragraph number "28" incorporates previous paragraphs by reference and therefore is answered as previously stated herein.

29. Paragraph number "29" is an expression of a legal argument and does not contain any factual averments requiring an answer.

30. Paragraph number "30" incorporates previous paragraphs by reference and therefore is answered as previously stated herein.

31. Paragraph number "31" is an expression of a legal argument and does not contain any factual averments requiring an answer.

32. Paragraph number "32" incorporates previous paragraphs by reference and therefore is answered as previously stated herein.

33. Paragraph number "33" is an expression of a legal argument and does not contain any factual averments requiring an answer.

34. Paragraph number "34" incorporates previous paragraphs by reference and therefore is answered as previously stated herein.

35. Paragraph number "35" is an expression of a legal argument and does not contain any factual averments requiring an answer.

36. Paragraph number "36" incorporates previous paragraphs by reference and therefore is answered as previously stated herein.

37. Paragraph number "37" is an expression of a legal argument and does not contain any factual averments requiring an answer.

38. Paragraph number "38" incorporates previous paragraphs by reference and therefore is answered as previously stated herein.

39. Paragraph number "39" is an expression of a legal argument and does not contain any factual averments requiring an answer.

40. Paragraph number "40" is an expression of a legal argument and does not contain any factual averments requiring an answer.

41. All other averments contained in the Plaintiff's Complaint which are not directly admitted by this answer are hereby denied.

## AFFIRMATIVE DEFENSES

42. The Co-Defendant affirmatively states that the facts averred by the Plaintiff if his complaint fail to state a claim upon which relief can be granted.

43. In the alternative, the Co-Defendant affirmatively states that its actions averred in the Plaintiff's complaint are shielded from liability pursuant to 15 U.S.C. 1692k(c) (Bona fide error).

## COUNTERCLAIMS

FACTS COMMON TO ALL COUNTS

1. Jurisdiction and venue are proper in this Honorable Court as the original claim for relief is for an alleged violation of federal law and the Co-Defendant does business within the state of Wyoming.

2. The Plaintiff initiated the above-captioned civil judicial proceeding ("**Case**")

3. The Case was filed against the Co-Defendant, inter alia.
4. The Co-Defendant has suffered damages as a result of the Case

## VIOLATION OF 15 U.S.C.A. 1692k(a)(3)

5. Co-Defendant restates paragraphs "1" through "4" of its counterclaim as if fully set forth herein.
6. Plaintiff's legal contentions against the Co-Defendant are not warranted by existing law
7. Plaintiff's naming of the Co-Defendant in the Case was in bad faith and for the purposes of harassment.

## MALICIOUS PROSECUTION

1. Co-Defendant restates paragraphs "1" through "4" of its counterclaim as if fully set forth herein.
2. The claims against the Co-Defendant are not warranted by existing law and the Case will terminate in favor of Co-Defendant.
3. Plaintiff possessed malice in institution the Case against the Co-Defendant.
4. The Case was initiated with want of probable cause against the Co-Defendant.

## ABUSE OF PROCESS

5. Co-Defendant restates paragraphs "1" through "4" of its counterclaim as if fully set forth herein.
6. The Plaintiff possesses ulterior purposes of improperly coercing money from the Co-Defendant and increase the Co-Defendant's costs of doing business.
7. The Plaintiff's use of process was not proper in the regular conduct of a proceeding.

8. The Co-Defendant has no liability and has done nothing more than carry out the process to its authorized conclusion.

**WHEREFORE** the above identified Co-Defendant prays as follows:

A. Plaintiff's complaint be dismisses and the Plaintiff take nothing thereby.

B. For an award of compensatory damages

C. For an award of punitive damages resulting from Plaintiff's malicious actions.

D. For an award of attorney fees pursuant to 15 U.S.C. 1692k(a)(3).

E. For such other and further relief as the court deems just and proper under the premises.

**DATED** this 6th day of November, 2015,

                                          Bret T. Allred; 6-3835
                                        Basin Law Group, LLC
                                        117 N. Bent St.
                                        Powell, WY 82435
                                        Telephone: 307-271-6008
                                        Fax: 877-295-3104

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of November 2015, I served a true and exact copy of the foregoing upon the following as indicated:

        Kelly James
        3422 Cribbon Avenue
        Cheyenne, Wyoming 82001
        *By U.S. First Class Mail.*

                                          Bret T. Allred