

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2015 NOV 25   AM 11 15

STEPHAN HARRIS, CLERK

# UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING — CHEYENNE

| | | |
|---|---|---|
| KELLY JAMES | ) | Case Number: 15-CV-141-F |
| PLAINTIFF, | ) | |
| vs. | ) | |
| ROCKY MOUNTAIN RECOVERY SYSTEMS, INC., et al., | ) | |
| DEFENDANTS. | ) | |

# PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE WILKERSON & BREMER PC'S COUNTERCLAIM AND FOR SANCTIONS

Plaintiff Kelly James, pro se, hereby submits her *Brief in Support of Plaintiff's Motion to Strike Wilkerson & Bremer PC's Counterclaim and for Sanctions*.

## INTRODUCTION

This action arises out of the facts and circumstances of the collection of an alleged debt. Plaintiff instituted this action for statutory damages, actual damages of the Fair debt Collection Practices Act, 15 U.S.C. 1692k, and state law violations. Plaintiff filed her Complaint August 19, 2015. September 1, 2015, the Court granted Plaintiff's motion for leave to proceed *In Forma Pauperis*. October 13, 2015, Defendant waived service. November 11, 2015, Defendant filed their Answer. The answer contains a counterclaim.

Defendant's counterclaims are not recognized causes of action and are being used for the improper purpose of trying to intimidate Plaintiff. Defendant should be sanctioned for their conduct.

## ARGUMENT

### COUNTERCLAIM IS NOT RIPE

First, Defendant alleges a counterclaim against Plaintiff for "violation of 15 U.S.C.A. 1692k(a)(3)". The proper remedy is to wait until the trial/case is over and then move under 1692k for attorney's fees. A Plaintiff must be unsuccessful before FDCPA defendant can get an award.

Second, Defendant alleges "malicious prosecution." Again, the proper remedy is wait unit the trial is over and then bring a civil case against Plaintiff.

If the plaintiff obtains a favorable judgment or a settlement, then by definition the suit will not have been brought in bad faith.[1]

The Court granted *IFP* which means that the Court has already ruled the Complaint is not frivolous. Therefore, Defendant has wasted the Courts time with their frivolous counterclaim and should be sanctioned.

---

[1] *See* Emanuel v. American Credit Exch., 870 F. 2d 805, 809 (CA2 1989) (FDCPA defendant's "claim for malicious prosecution cannot succeed unless the action subject of the claim is unsuccessful") cited by Jerman v. CARLISLE, McNELLIE, RINI, KRAMER & ULRICH LPA, Supreme Court 2010.

## COUNTERCLAIM IS NOT WELL PLEAD

Defendant's counterclaims should be dismissed as a result of a failure to allege facts sufficient to demonstrate that the defenses are plausible. It is Plaintiffs' contention that defendants counterclaim must meet the pleading standard established in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). In <u>Twombly</u>, the Supreme Court held that in order to survive a motion to dismiss, a complaint must allege sufficient factual matter that, if accepted as true, would "state a claim to relief that is plausible on its face." <u>550 U.S. at 570</u>. A complaint "does not need detailed factual allegations," but must provide grounds for entitlement to relief and requires "more than labels and conclusions." Id. at 555. The Court reaffirmed the <u>Twombly</u> pleading standard in <u>Iqbal</u>, and extended its application to all civil actions. <u>Iqbal</u>, 556 U.S. at 684.

The Twombly/Iqbal pleading standard arises out of Federal Rule of Civil Procedure 8(a)(2): "A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief. . . .". Fed. R. Civ. P. 8(a)(2) (2012) (emphasis added).

## CONCLUSION

Defendants counterclaim is nothing but conclusory statements with not facts and does not provide fair notice to Plaintiff. Defendants counterclaim is frivolous and is being

used for the improper purpose of trying to intimidate Plaintiff. Defendant should be sanctioned for their conduct.

Respectfully submitted November 25, 2015.

Kelly James
3422 Cribbon Avenue
Cheyenne, Wyoming 82001
kj_james71@yahoo.com
307-635-3119

## CERTIFICATE OF SERVICE

I, Kelly James, hereby certify that I have been granted leave to proceed In Forma Pauperis, and I certify that the counsel of record is registered as an ECF Filer and that they will be served by the CM/ECF system.

*Kelly James*
Kelly James