ORIGINAL

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2015 NOV 25   AM 11 09

STEPHAN HARRIS, CLERK
     CHEYENNE

# UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | | |
|---|---|---|
| KELLY JAMES | ) | Case Number: 15-CV-141-F |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROCKY MOUNTAIN RECOVERY SYSTEMS, INC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE CHARLOTTE B. WILKERSONS AFFIRMATIVE DEFENSES

Plaintiff Kelly James, pro se, hereby submits her *Brief in Support of Plaintiff's Motion to Strike Charlotte B. Wilkerson's Affirmative Defenses and for Sanctions.*

### INTRODUCTION

This action arises out of the facts and circumstances of the collection of an alleged debt. Plaintiff instituted this action for statutory damages, actual damages of the Fair debt Collection Practices Act, 15 U.S.C. 1692k, and state law violations. Plaintiff filed her Complaint August 19, 2015. September 1, 2015, the Court granted Plaintiff's motion for leave to proceed *In Forma Pauperis.* October 13, 2015, Defendant waived service. November 11, 2015, Defendant filed their Answer. The answer contains affirmative

defenses. Defendant's affirmative defenses are not well plead. Defendant should be sanctioned for their conduct.

## ARGUMENT

## AFFIRMATIVE DEFENSES NOT WELL PLEAD

Federal Rule of Civil Procedure 12(f) permits the court to "strike from a pleading an insufficient defense." A defense is insufficient if it cannot succeed, as a matter of law, under any circumstances.[1] Motions to strike will not be granted unless the insufficiency of the defense is clearly apparent and no factual issues exist that should be determined in a hearing on the merits.[2] The decision to strike an affirmative defense rests within the sound discretion of the district court.[3] Rule 12(f) is intended to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial.[4]

Fed. R. Civ. P. 8(b) governs the pleading of defenses, instructing that in responding to a pleading, a party must "state in short and plain terms its defenses to each claim asserted against it."[5] Rule 8(c) specifically addresses affirmative defenses and

---

[1] Resolution Trust Corp. v. Tri-State Realty Investors of K.C., Inc., 838 F. Supp. 1448, 1450 (D. Kan. 1993); United States ex rel. Smith v. Boeing Co., No. 05-1073-WEB, 2009 WL 2486338, at 3 (D. Kan. Aug. 13, 2009); Wilhelm v. TLC Lawn Care, Inc., No. 07-2465-KHV, 2008 WL 474265, at 2 (D. Kan. Feb. 19, 2008).
[2] Resolution Trust Corp. v. Thomas, No. 92-2084-GTV, 1995 WL 261641, at *1 (D. Kan. Apr. 25, 1995) (citing 5A C. Wright & A. Miller, Federal Practice & Procedure § 1381, at 678 (1990)).
[3] Id.
[4] Tri-State Realty Investors of K.C., 838 F. Supp. at 1450.
[5] Fed. R. Civ. P. 8(b)(1)(A).

imposes the additional requirement that a party "affirmatively state any avoidance or affirmative defense."[6] In pleading an affirmative defense, a defendant must comply with Rule 8's requirement of a "short and plain" statement to give the opposing party fair notice of the defense and the grounds upon which it rests.[7]

Before 2007, the pleading standard for "claims for relief" was set forth in Conley v. Gipson.[8] Under Conley's notice pleading standard, courts could grant motions to dismiss a claim for relief only when "it appear[ed] beyond doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitle him to relief."[9] In 2007, the Supreme Court, in Bell Atlantic Corp. v. Twombly,[10] departed from the Conley standard and introduced the plausibility standard. Under Twombly, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[11] The Court further described the pleading specificity standard, stating that a pleading "does not need detailed factual allegations,"

---

[6] Fed. R. Civ. P. 8(c)(1).
[7] *See*, e.g., Sprint Commc'ns Co. v. Big River Tel. Co., No. 08-2046-JWL, 2008 WL 4171595, at 1 (D. Kan. Sept. 8, 2008) (affirmative defense that defendant and its products "are licensed, expressly or impliedly" did not sufficiently state an affirmative defense under Rule 8); Wilhelm v. TLC Lawn Care, Inc., No. 07-2465-KHV, 2008 WL 474265, at 2 (D. Kan. Feb. 19, 2008); Sprint Commc'ns Co. v. Theglobe.com, Inc., 233 F.R.D. 615, 618 (D. Kan. 2006) (citing Resolution Trust Corp. v. Thomas, No. 92-2084-GTV, 1993 WL 501116, at 5 (D. Kan. Nov. 18, 1993)).
[8] 355 U.S. 41, 45-46 (1957).
[9] *Id.*
[10] 550 U.S. 544, 570 (2007).
[11] *Id.*

but does need to provide the grounds for entitlement to relief and requires "more than labels and conclusions."[12] Subsequently in 2009, in Ashcroft v. Iqbal,[13] the Supreme Court clarified that the Twombly decision was based on its interpretation and application of Fed. R. Civ. P. 8, which governs the pleading standard in all civil actions.

Since the Supreme Court's decisions in Twombly and Iqbal, several courts have addressed whether the new pleading standard applies to affirmative defenses. A few courts have rejected the heightened pleading standard for affirmative defenses.[14] The majority of courts addressing the issue, however, have applied the heightened pleading standard announced in Twombly, and further clarified in Iqbal, to affirmative defenses.[15]

---

[12] Id. at 555.
[13] 129 S. Ct. 1937, 1949 (2009).
[14] See First Nat'l Ins. Co. of Am. v. Camps Servs., Ltd, No. 08-cv-12805, 2009 WL 22861, at 2 (E.D. Mich. Jan. 5, 2009) (finding Twombly's analysis of the "short and plain statement" requirement of Fed. R. Civ. P. 8(a) inapplicable to affirmative defenses); Romantine v. CH2M Hill Eng'rs, Inc., No. 09-973, 2009 WL 3417469, at 1 (W.D. Pa. Oct. 23, 2009) (declining to apply Twombly to either affirmative defenses or general defenses).
[15] See CTF Dev., Inc. v. Penta Hospitality, LLC, No. C 09-02429 WHA, 2009 WL 3517617, at 7-8 (N.D. Cal. Oct. 26, 2009) ("Under the Iqbal standard, the burden is on the defendant to proffer sufficient facts and law to support an affirmative defense"); Tracy ex rel. v. NVR, Inc., No. 04-CV-6541L, 2009 WL 3153150, at 7-8 (W.D.N.Y. Sept. 30, 2009) (striking affirmative defenses pled in simply conclusory terms, unsupported by any factual allegations, as "plainly deficient under the Iqbal standard"); FDIC v. Bristol Home Mortg. Lending, LLC, No. 08-81536-CIV, 2009 WL 2488302, at 2-4 (S.D. Fla. Aug. 13, 2009) (applying Twombly to affirmative defenses); Teirstein v. AGA Medical Corp., No. 6:08cv14, 2009 WL 704138, at 6 (E.D. Tex. Mar. 16, 2009) (affirmative defenses subject to same pleading standards as complaints and counterclaims); Greenheck Fan Corp. v. Loren Cook Co., No. 08-cv-335-jps, 2008 WL 4443805, at 1-2 (W.D. Wis. Sept. 25, 2008) (defendant's affirmative defenses, characterized as legal theories with implied elements, failed to comply with Rule 8 and failed to provide sufficient notice of the grounds for them); Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc., No. 05-CV-0233-WWJ, 2008 WL 4391396, at 1 (W.D. Tex. Sept. 22, 2008) (applying

In United States v. Quadrini,[16] the Eastern District of Michigan court specifically addressed whether Twombly's standard for pleading sufficiency applied to pleading affirmative defenses. It reasoned that:

> This clarification by the Supreme Court that a plaintiff must plead sufficient facts to demonstrate a plausible claim, or one that has a "reasonably founded hope" of success, cannot be a pleading standard that applies only to plaintiffs. It must also apply to defendants in pleading affirmative defenses, otherwise a court could not make a Rule 12(f) determination on whether an affirmative defense is adequately pleaded under Rules 8 and/or 9 and could not determine whether the affirmative defense would withstand a Rule 12(b)(6) challenge. Thus, a wholly conclusory affirmative defense is not sufficient. Like the plaintiff, a defendant also must plead sufficient facts to demonstrate a plausible affirmative defense, or one that has a "reasonably founded hope" of success.[17]

The Plaintiff does not suggest that heightened pleading requires the assertion of evidentiary facts. A minimal statement of only ultimate facts should suffice. The Answer of Defendant asserts their affirmative defenses as follows:

> [F]ail to state a claim upon which relief can be granted.

---

Twombly pleading specificity standard to affirmative defenses); Safeco Ins. Co. of Am. v. O'Hara Corp., 2008 WL 2558015, at 1 (E.D. Mich. June 25, 2008) (holding that the Twombly plausiblity standard applies in the context of a defendant asserting an affirmative defense); Holtzman v. B/E Aerospace, Inc., No. 07-80551-CIV, 2008 WL 2225668, at 2, (S.D. Fla. May 28, 2008) (citing Twombly as support for the proposition that a defendant must "alleg[e] facts as part of the affirmative defenses" and granting plaintiff's motion for a more definite statement); United States v. Quadrini, No. 2:07-CV-13227, 2007 WL 4303213, at 3-4 (E.D. Mich. Dec. 06, 2007) (applying heightened pleading standard to defendants in pleading affirmative defenses).
[16] 2007 WL 4303213, at 4.
[17] *Id.*

[S]hielded from liability pursuant to 15 U.S.C. 1692k(c) (Bona fide error).

To meet the standard of heightened pleading, the allegations should be simple and brief.[18] Counsel may find it helpful to review the Appendix of Forms to which Rule 84 refers. Paragraph 6 of Form 30, for example, suggests that a defense of limitations might be asserted by alleging the number of years between the accrual of the claim and the commencement of the action. Such allegation shows that the pleader at least has some valid premise for asserting the defense and is not merely tossing it into the case like a fish hook without bait. These defenses are too conclusory to give Plaintiff fair notice of the grounds upon which they rest.

## BONA FIDE ERROR DEFENSE

Defendant has raised the bona fide error defense. "If the bona fide error defense is to have any meaning in the context of a strict liability statute, then a showing of 'procedures reasonably adapted to avoid any such error' must require more than a mere assertion to that effect. The procedures themselves must be explained, along with the manner in which they were adapted to avoid the error.... Only then is the mistake entitled to be treated as one made in good faith." [19] The bona fide error defense of section 1692k(c) is an affirmative defense which must be pled and proven.[20] Thus, an FDCPA

---

[18] *See* 2015 notes Fed. R. Civ. P. 84 (Abrogated).
[19] Reichert v. National Credit Systems, Inc., 06-15503.
[20] Fox v. Citicorp Credit Servs., Inc., 15 F.3d 1507, 1511 (9th Cir. 1994).

defendant seeking the protection of the bona fide error defense carries the burden of proving that the violation was (1) unintentional, (2) a bona fide error, and (3) made despite "the maintenance of procedures reasonably adapted to avoid" the violation.[21]

The bona fide error defense in the context of a strict liability statute requires the showing of procedures reasonably adapted to avoid any such error and requires more than a mere assertion to that effect. The procedures themselves must be explained, along with the manner in which they were adapted to avoid the error."[22]

"The bona fide error defense is limited to clerical errors.[23]

Here, Defendant has done nothing more than merely tossing it into the case like a fish hook without bait. Defendant did not plead the required elements and the defense fails, as a matter of law, on its face, and the defense must be stricken.

## IMPROPER PURPOSE

Defendant implies Plaintiff has done something improper by filing this lawsuit. Plaintiff, as in the case presently before the court is merely enforcing her rights as a consumer as intended by Congress when they enacted the FDCPA. "No section of the FDCPA requires an inquiry into the worthiness of the debtor or purports to protect only deserving debtors. The focus is on the debt collector's conduct, not the consumer's. The

---

[21] Johnson v. Riddle, 305 F. 3d 1107 - Court of Appeals, 10th Circuit 2002.
[22] Wilhelm v. Credico, Inc., 519 F.3d 416, 421 (8th Cir. 2008).
[23] See Picht v. Jon R. Hawks, Ltd., 236 F. 3d 446, 451 (8th Cir. 2001).

FDCPA protects all consumers, from the gullible to the shrewd."[24] However it is well settled that for statutory damages the debtor can sue with no actual damages. As the Supreme Court has explained, Congress has the power to "enact statutes creating legal rights, the invasion of which creates constitutional standing, even though no injury would exist without the statute."[25] Surly Defendant's inability to discern the motives of the Plaintiff trump the federal district courts and the Supreme Court of the United States.

While the Plaintiff did sustain actual damages, assuming there were no actual damages, the Plaintiff would still have standing to bring this action. Whether or not Plaintiff does have actual damages or do not have actual damages does not change the fact the Plaintiff has standing in this action.

---

[24] *See* Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 111 F.3d 1322 (7th Cir. 1997).

[25] *See* Linda R.S. v. Richard D., 410 U.S. 614, 617 n.3, 93 S. Ct. 1146, 35 L.Ed.2d 536; The FDCPA permits and encourages parties who have suffered no loss to bring civil actions for statutory violations. See, Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 307; A single violation of the Act triggers statutory liability and remedies. See, Morgan v. Credit Adjustment Board, Inc., 999 F.Supp. 803 (E.D.Va. 1998);& Clomon v. Jackson, 988 F.2d 1314 (2nd Cir. 1993); Statutory damages available even in absence of actual damages. See, Baker v. G.C. Services Corp., 677 F.2d 775 (9th Cir. 1982); & Keele v. Wexler, 149 F.3d 589 (7th Cir. 1998); Courts have consistently interpreted the FDCPA to confer standing on plaintiffs who have suffered no actual harm, allowing them to sue for statutory violations. See, Jacobson v. Healthcare Fin. Servs., 516 F.3d 85, 96 (2d Cir. 2008).

## CONCLUSION

Defendants affirmative defenses are nothing but conclusory statements and does not provide fair notice to Plaintiff. Defendant's affirmative defenses are frivolous and are being used for the improper purpose of trying to intimidate Plaintiff. Defendant should be sanctioned for their conduct.

Plaintiff respectfully requests that this Court grant Plaintiffs motion and for all further relief this Court deems just and proper.

Respectfully submitted November 25, 2015.

*/s/ Kelly James*
Kelly James
3422 Cribbon Avenue
Cheyenne, Wyoming 82001
kj_james71@yahoo.com
307-635-3119

## CERTIFICATE OF SERVICE

I, Kelly James, hereby certify that I have been granted leave to proceed In Forma Pauperis, and I certify that the counsel of record is registered as an ECF Filer and that they will be served by the CM/ECF system.

*Kelly James*
Kelly James