Bret T. Allred; 6-3835
Basin Law Group, LLC
117 N. Bent St.
Powell, WY  82435
Telephone: 307-271-6008
Fax: 877-295-3104
Attorney for Defendant

# UNITED STATES DISTRICT COURT

For the
District of Wyoming

|  |  |  |
|---|---|---|
| KELLY JAMES | ) | |
| *Plaintiff* | ) | |
| v. | ) | |
| | ) | Case No. 15-CV-141-F |
| ROCKY MOUNTAIN RECOVERY | ) | |
| SYSTEMS, INC. et al. | ) | |
| *Defendants* | ) | |

## WILKERSON & BREMER, P.C.'S ANSWER TO COMPLAINT (AMENDED)

**COMES NOW** the Co-Defendant, Wilkerson & Bremer, P.C. and answers the Plaintiff's

Complaint by answering, averring and stating as follows:

### ANSWER

1. Paragraph number "1" is admitted.

2. Paragraph number "2" is admitted to the extent that, on or about September 2, 2014, Rocky

   Mountain Recovery Systems, Inc. (**"RMR"**) mailed, or caused to be mailed, a written initial

   communication to Plaintiff, alleging money owed for an account placed with RMR for

   collection, account no. 151454.  The remainder is denied.

3. Paragraph number "3" is admitted to the extent that in September or October 2014 RMR

   received a dispute letter for account 151454.  The remainder is denied.

4. Paragraph number "4" is denied

5.  Paragraph number "5" is admitted to the extent that on October 7, 2014 RMR did attempt to communicate with the Plaintiff.  The remainder is denied.

6.  Paragraph number "6" is admitted to the extent that on October 7, 2014 RMR did attempt to communicate with the Plaintiff.  The remainder is denied.

7.  Paragraph number "7" is admitted to the extent that on October 23, 2014 RMR did attempt to communicate with the Plaintiff.  The remainder is denied.

8.  Paragraph number "8" is admitted to the extent that, on or about April 7, 2015, RMR mailed, or caused to be mailed, a written initial communication to Plaintiff, alleging money owed for an account placed with RMR for collection, account no. 162090.  The remainder is denied.

9.  Paragraph number "9" is admitted to the extent that, on or about April 20, 2015, RMR mailed, or caused to be mailed, a written communication to Plaintiff regarding account no. 162090.  The remainder is denied.

10. Paragraph number "10" is admitted to the extent that on April 29, 2015 RMR received a dispute letter for account 162090 stating, inter alia, Plaintiff's refusal to pay.  The remainder is denied.

11. Paragraph number "11" is denied.

12. Paragraph number "12" is admitted to the extent that on May 4, 2015 RMR did attempt to communicate with the Plaintiff.  The remainder is denied.

13. Paragraph number "13" is admitted to the extent that on May 14, 2015 RMR did communicate with the Plaintiff.  The remainder is denied.

14. Paragraph number "14" is admitted to the extent that, on or about June 12, 2015, RMR mailed, or caused to be mailed, a written communication to Plaintiff regarding account no. 162090.  The remainder is denied.

15. Paragraph number "15" is admitted to the extent that, on or about July 14, 2015, Co-Defendant, Wilkerson & Bremer, P.C. mailed, or caused to be mailed, a written communication to Plaintiff.  The remainder is denied.

16. Paragraph number "16" incorporates previous paragraphs by reference and therefore is answered as previously stated herein.

17. Paragraph number "17", is denied as Co-Defendant is without knowledge as to the truthfulness of the averments contained therein.

18. Paragraph number "18", is admitted to the extent that Michael B. Wilkerson, Daniel B. Wilkerson and Charlotte B. Wilkerson are officers and/or directors of RMR.  The remainder is denied.

19. Paragraph number "19", is denied as Co-Defendant is without knowledge as to the truthfulness of the averments contained therein.

20. Paragraph number "20" is admitted.

21. Paragraph number "21 is admitted to the extent that Co-Defendant provided legal services for RMR.  The remainder is denied for lack of knowledge as to its truthfulness.

22. Paragraph number "22" is an expression of a legal argument and does not contain any factual averments requiring an answer.

23. Paragraph number "23" is an expression of a legal argument and does not contain any factual averments requiring an answer.

24. Paragraph number "24" is denied.

25. Paragraph number "25" is an expression of a legal argument and does not contain any factual averments requiring an answer.

26. Paragraph number "26" is an expression of a legal argument and does not contain any factual averments requiring an answer.

27. Paragraph number "27" is an expression of a legal argument and does not contain any factual averments requiring an answer.

28. Paragraph number "28" incorporates previous paragraphs by reference and therefore is answered as previously stated herein.

29. Paragraph number "29" is an expression of a legal argument and does not contain any factual averments requiring an answer.

30. Paragraph number "30" incorporates previous paragraphs by reference and therefore is answered as previously stated herein.

31. Paragraph number "31" is an expression of a legal argument and does not contain any factual averments requiring an answer.

32. Paragraph number "32" incorporates previous paragraphs by reference and therefore is answered as previously stated herein.

33. Paragraph number "33" is an expression of a legal argument and does not contain any factual averments requiring an answer.

34. Paragraph number "34" incorporates previous paragraphs by reference and therefore is answered as previously stated herein.

35. Paragraph number "35" is an expression of a legal argument and does not contain any factual averments requiring an answer.

36. Paragraph number "36" incorporates previous paragraphs by reference and therefore is answered as previously stated herein.

37. Paragraph number "37" is an expression of a legal argument and does not contain any factual averments requiring an answer.

38. Paragraph number "38" incorporates previous paragraphs by reference and therefore is answered as previously stated herein.

39. Paragraph number "39" is an expression of a legal argument and does not contain any factual averments requiring an answer.

40. Paragraph number "40" is an expression of a legal argument and does not contain any factual averments requiring an answer.

41. All other averments contained in the Plaintiff's Complaint which are not directly admitted by this answer are hereby denied.

42. This Co-Defendant reserves the right to amend this pleading by assertion additional affirmative defenses and counterclaims as may be allowed by law and learned through discovery

## AFFIRMATIVE DEFENSES

**Failure to State a Claim**

43. The Co-Defendant affirmatively states that the facts averred by the Plaintiff if his complaint fail to state a claim upon which relief can be granted.

44. The Plaintiff seeks damages for a violation of the Wyoming Rules and Regulation of the Collection agency Board ("Regulations") although no private right of action is granted by statute or regulation.

45. Plaintiff seeks Code damages of $1,000.00 for each alleged violation of the FDCPA for a total of five thousand dollars although the FDCPA only permits an award of $1,000.00 per action.

46. Plaintiff seeks attorney fees although the Plaintiff is proceeding pro se and no attorney has filed notice of representation on the Plaintiff's behalf.

47. Plaintiff seeks punitive damages without factual support or proper pleading.

48. Plaintiff seeks actual damages of $5,000.00 without promulgating any facts to support such a claim.

49. This Co-Defendant reserves the right to amend this pleading by assertion additional affirmative defenses and counterclaims as may be allowed by law and learned through discovery.

**Bona Fide Error**

50. In the alternative, the Co-Defendant affirmatively states that the alleged conduct averred in the Plaintiff's complaint are shielded from liability pursuant to 15 U.S.C. 1692k(c) (Bona fide error).

51. Rocky Mountain Recovery Systems, Inc. has regular training of its staff on procedures to avoid violations of the Fair Debt Collections Act.

52. Once mail is received it is promptly processed and recorded in a consumer's account history.

53. The account history is updated to identify do not contact requests from consumers.

**WHEREFORE** the above identified Co-Defendant prays as follows:

A.  Plaintiff's complaint be dismisses and the Plaintiff take nothing thereby.

B.  For an award of attorney fees.

C.  For such other and further relief as the court deems just and proper under the premises.

**DATED** this 16th day of December, 2015,

/s/ Bret T. Allred

_____

Bret T. Allred; 6-3835
Basin Law Group, LLC
117 N. Bent St.
Powell, WY  82435
Telephone: 307-271-6008
Fax: 877-295-3104

### CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of December 2015, I served a true and exact copy of the foregoing upon the following as indicated:

Kelly James
3422 Cribbon Avenue
Cheyenne, Wyoming 82001
*By U.S. First Class Mail.*

/s/ Bret T. Allred

_____

Bret T. Allred