

| | |
|---|---|
| KELLY JAMES,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>ROCKY MOUNTAIN RECOVERY SYSTEMS, INC., et al.,<br><br>　　　　　　　　　　Defendants. | Case No: 15-CV-141-F |

**ORDER GRANTING PLAINTIFF'S MOTIONS TO STRIKE COUNTERCLAIMS AND DENYING PLAINTIFF'S MOTIONS TO STRIKE AFFIRMATIVE DEFENSES**

This matter is before the Court on Plaintiff's motions to strike Defendants' counterclaims and affirmative defenses. In all, Plaintiff has filed ten (10) motions to Strike Affirmative Defenses and Counterclaims and for sanctions, with corresponding briefs. (Docs. 24-43). Defendants failed to respond to the motions within the time allowed by the Court's Local Rules, which provide that a party opposing a motion shall have fourteen (14) days to file a written response. U.S.D.C.L.R. 7.1(b)(1)(B). However, at 11:55 p.m. on December 16, 2015, Defendants filed a Notice of Amended Answer as provided in Fed. R. Civ. P. Rule 15(a)(1)(B).[1] In that notice, Defendants acknowledged that their Counterclaims were defective and attached to that Notice their amended answers, removing the counterclaims and adding additional facts. However, these amended answers were not properly filed, as they were attached to the notice, rather than

---

[1] Regardless of the timing difference between Rule 15 and the local rules, Defendants should have responded to the motion in the time required by the local rules.

filed as separate filings. For purposes of the record, the Court will consider Defendants' notice as an agreement that the counterclaims can be dismissed without prejudice. The Court will still consider Plaintiff's arguments regarding the sufficiency of the affirmative defenses.

## DISCUSSION

This case is originally before the Court on Plaintiff's Complaint alleging Defendants violated several provisions of the Fair Debt Collection Practices Act (FDCPA) by harassing Plaintiff for payment of a debt Plaintiff refused to pay. (Doc. 1). Defendants answered Plaintiff's Complaint and asserted two affirmative defenses: (1) Plaintiff failed to state a claim upon which relief can be granted and (2) Defendants are shielded from liability under 15 U.S.C. § 1692k(c). (Docs. 17-21 at p. 5). Defendants also asserted counterclaims for violations of 15 U.S.C. § 1692k(a)(3), malicious prosecution, and abuse of process. *Id.* at 6. Defendants did not include any additional facts to support these counterclaims.

**Motions to Strike Counterclaims – (Docs. 24, 28, 32, 36, and 40)**

Plaintiff has filed five different motions to strike the counterclaims filed by Defendants Wilkerson & Bremer, PC (Doc. 24), Rocky Mountain Recovery Systems, Inc. (Doc. 28), Daniel B. Wilkerson (Doc. 32), Michael B. Wilerson (Doc. 36), and Charlotte B. Wilkerson (Doc. 40). Plaintiff also seeks sanctions.

Essentially, Plaintiff's motions to strike Defendants' counterclaims are really motions to dismiss the counterclaims, because Plaintiff is seeking to strike the entire claim, not just certain allegations. The Court notes Plaintiff is appearing pro se and

therefore the Court will construe Plaintiff's pleadings liberally. "[A] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)(internal quotation omitted). As such, the Court will consider the motions to strike Defendants' counterclaims under the Rule 12(b)(6) standard for a motion to dismiss a claim.

Defendants' acknowledge in their Notice that their claims under 15 U.S.C. 1692k(a)(3) and for malicious prosecution are not ripe and that they will remove their claim abuse of process until there is further discovery.

For all these reasons the Court finds that Plaintiff's motions to strike these counterclaims (Docs. 24, 28, 32, 36, and 40), which the Court construes as motions to dismiss, are GRANTED. Defendants' counterclaims are DISMISSED WITHOUT PREJUDICE. Defendants shall have until December 23, 2015 to properly file their amended answers.

**Plaintiff's Motions to Strike Affirmative Defenses (Docs. 26, 30, 34, 38, and 42)**

Plaintiff has also filed five different motions to strike the affirmative defenses by Defendants Wilkerson & Bremer, PC (Doc. 26), Rocky Mountain Recovery Systems, Inc. (Doc. 30), Daniel B. Wilkerson (Doc. 34), Michael B. Wilerson (Doc. 38), and Charlotte B. Wilkerson (Doc. 42). Again, while Plaintiff has filed these as separate motions, all the motions essentially make the same argument and the Court will consider them jointly under the same analysis.

Plaintiff argues that the affirmative defenses do not meet the heightened pleading requirements as set forth in *Twombly*. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Defendants all asserted two affirmative defenses: (1) Plaintiff failed to state a claim upon which relief can be granted and (2) Defendants are shielded from liability under 15 U.S.C. 1692k(c). (Docs. 17-21). The issue is whether these affirmative defenses should be struck pursuant to Fed. R. Civ. P. 12(f) for failing to comply with Fed. R. Civ. P. 8(b), requiring defenses to be stated in "short and plain terms."

Rule 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However as Professors Charles Alan Wright and Arthur Miller have recognized, such motions are not favored and, generally, should be denied.

> The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter. However, because federal judges have made it clear, in numerous opinions they have rendered in many substantive contexts, that Rule 12(f) motions to strike on any of these grounds are not favored, often being considered purely cosmetic or "time wasters," there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy . . ..

5C C. Wright & A. Miller, Fed. Prac. & Proc. Civ., § 1382 (3d. ed.2004) (footnotes omitted).

Some Courts have required affirmative defenses listed in an answer to comply with the heightened pleading standards administered in *Twombly* and *Iqbal*. See *Palmer v. Oakland Farms, Inc.*, 2010 WL 2605179, at *4 (W.D. Va.

June 24, 2010). As *Twombly* and *Iqbal* recognized "threadbare recitals . . . supported by mere conclusory statements do not suffice" as "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009 (citations omitted).

However, district courts in the Tenth Circuit, relying on the text of Rules 8(b) and 8(c), have consistently rejected application of the *Twombly* and *Iqbal* heightened pleading standard to affirmative defenses. *See Lane v. Page*, 272 F.R.D. 581, 591-92 (D.N.M. 2011) ("The text of Rule 8 does not require Defendants to provide the factual basis of affirmative defenses."); *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1258 (D. Kan. 2011) ("Because of the differing languages in Rule 8(a), (b), and (c), the court determines that the rationale of *Twombly* does not apply to subsections (b) or (c)—where the pleading party bears no burden of showing an entitlement to relief."); *Holdbrook v. Saia Motor Freight Line, LLC*, No. 09-CV-2870-LTB-BNB, 2010 WL 865380, at *2 (D. Colo. Mar. 8, 2010) ("[I]n both *Twombly* and *Iqbal*, the Supreme Court's analysis was limited to the requirements for pleadings stating a claim for relief which are governed by Fed. R. Civ. P. 8(a)(2).").

The Court finds the cases declining to impose heightened pleading standards to affirmative defenses persuasive. As noted in those cases, *Twombly* and *Iqbal* applied to claims brought under Rule 8(a), not defenses asserted under Rules 8(b) and 8(c). *Falley*, 787 F. Supp. 2d at 1258. Further the text in Rule

5

8(b) differs from the text in Rule 8(a). *Layne*, 272 F.R.D. at 593. While Rule 8(a) requires a "short and plain statement of the claim *showing* that the pleader is *entitled* to relief," Rule 8(b) requires only "short and plain . . . defenses to each claim." *Id.* "Only plaintiffs, and not defendants, are required to 'show' that they are 'entitled to relief.'" *Id.* Therefore, because *Twombly* and *Iqbal* were limited to an interpretation of Rule 8(a) and because the text in Rule 8(b) deviates from the text in Rule 8(a), the Court will not apply a heightened pleading standard to Defendants' affirmative defenses and will not strike those defenses under Rule 12(f).

Other considerations also support the Court's interpretation of Rule 8(a), 8(b), *Twombly*, and *Iqbal*. Plaintiffs in filing complaints have adequate time to gather facts in support of their claims. *Id.* at 595. On the other hand, defendants are limited in some instances to only twenty-one days to acquire enough information to file a responsive pleading including affirmative defenses. *Id.* Moreover, "[a]pplying [*Twombly*] and [*Iqbal*] to affirmative defenses would [] invite many more motions to strike," which will ultimately hinder judicial economy and tax judicial resources. *Id.* As it is, courts rarely deal with a majority of the affirmative defenses pled by defendants and facts relating to those defenses "are better developed in [motions to dismiss] than pleadings." *Id.* For these reasons, the Court finds applying heightened pleading standards to Defendants' affirmative defenses is not appropriate. Defendants' affirmative

defenses meet the requirements set forth in Rule 8(b) as the defenses are shortly stated and notify Plaintiff of possible defenses as the case moves forward.

## CONCLUSION

For all the above stated reasons, the Court finds that Defendants have agreed to dismiss their counterclaims at this time and Plaintiff's Motions to strike the counterclaims are GRANTED. The Court also finds that Plaintiff's motions to strike Defendants' affirmative defenses are DENIED. Finally the Court finds that an award of sanctions is not appropriate in this case.

IT IS ORDERED that Plaintiff's Motions to Strike Counterclaims (Docs. 24, 28, 32, 36, and 40) are GRANTED.

IT IS FURTHER ORDERED that Defendants' Counterclaims are DISMISSED WITHOUT PREJUDICE. Defendant shall have until December 23, 2015 to properly file their Amended Answers without counterclaims.

IT IS FINALLY ORDERED Plaintiff's Motions to Strike Affirmative Defenses [Docs. 26, 30, 34, 38, & 42] are DENIED.

Dated this __17th__ day of December, 2015.

_____
NANCY D. FREUDENTHAL
CHIEF UNITED STATES DISTRICT JUDGE