UNITED STATES DISTRICT COURT
for the
District of Wyoming

KELLY JAMES )
          Plaintiff )
v. )
  ) Case No. 15-CV-141-F
ROCKY MOUNTAIN RECOVERY )
SYSTEMS, INC. et al. )
          Defendants )

AFFIDAVIT OF MICHAEL B WILKERSON

**STATE OF WYOMING** )
                          :§
**COUNTY OF CAMPBELL** )

    **COMES NOW** the undersigned being of the age of majority and first being duly sworn according to law does depose and say:

1. On June 14, 2015 Wilkerson & Bremer P.C. mailed a written initial communication to the Plaintiff (hereinafter referred to as "**Disclosure Letter**") conveying the disclosures required by 15 U.S.C. 1692g in anticipation of "communication" (as that word is defined by the 15 U.S.C. 1692a) through service of legal documents other than pleadings. A copy of this letter is attached hereto as Exhibit 6 and incorporated herein by reference for all purposes.

2. I and WB have not received a written communication from the Plaintiff directing either of us to cease communications regarding either Account 1 or Account 2 or stating that Plaintiff refused to pay us said accounts.

3. It is WB's policy and procedures that immediately upon a request for litigation from RMR a letter in the style of the Disclosure Letter is mailed to a potential defendant to avoid

violations of 15 U.S.C. 1692g(a) which requires certain disclosures within five days of the initial communication.

4. WB is an inactive professional corporation incorporated in the year 1989 under the laws of the state of Wyoming and administratively dissolved on April 10, 2016.

5. WB's primary office from which legal services were performed is located at 210 N Bent Street, Powell, Wyoming.

6. WB did not share office space with RMR and the two were physically located in separate office buildings across town.

7. WB employed people separate from RMR to manage and assist in the drafting and mailing of legal documents.

8. I and WB performed legal services for RMR on a case by case basis by preparing litigation documents and entering an appearance with the litigation.

9. I and WB counseled RMR on any legal concerns discovered while litigating for RMR.

10. Neither myself nor WB oversaw or mandated RMR's procedures and implementations of their processes by any legal advice proffered.

11. I and/or WB did not direct, oversee, authorize, allow, merge, and/or mail the documents attached to the affidavit of Mr. Wilkerson as follows:

    a. Exhibit 1    Letter from Plaintiff to RMR dated September 25, 2014;

    b. Exhibit 2    Letter from RMR to Plaintiff dated September 29, 2014;

    c. Exhibit 3    Letter from Plaintiff to RMR dated April 27, 2015;

    d. Exhibit 4    Letter from RMR to Plaintiff dated April 29, 2015; and,

    e. Exhibit 5    Letter from RMR to Plaintiff dated June 12, 2015.

12. Neither myself nor WB directed, oversaw, authorized, allowed, composed, prepared, performed, and/or conducted any telecommunications with the Plaintiff including the alleged communications on October 7, 2014, October 23, 2014, May 4, 2015, and May 14, 2015.

13. Prior to RMR's request for legal representation on or about July 14, 2015 WB did not know about any telecommunications with the Plaintiff including the alleged communications on October 7, 2014, October 23, 2014, May 4, 2015, and May 14, 2015.

14. Prior to receiving Plaintiff's pleadings in this matter, I did not know about any telecommunications with the Plaintiff including the alleged communications on October 7, 2014, October 23, 2014, May 4, 2015, and May 14, 2015.

15. Aside from the written pleadings filed in this matter and the written letter dated July 14, 2015 (Exhibit 6) WB has had no direct written or oral communications with the Plaintiff.

16. Aside from the written pleadings filed in this matter I have had no direct written or oral communications with the Plaintiff.

17. RMR did not give WB authority to negotiate settlement or payment plans with pro se respondants and all telecommunications directed to WB by pro se respondants were redirected to RMR.

18. I am not an employee of RMR other than my position as an officer in the company.

19. I do not receive wages from RMR for my duties as an officer.

20. My duties as an officer for RMR do not involve managing or overseeing the day-to-day operations of RMR or involve collecting debts from consumers.

21. I am currently the managing partner of Wilkerson & Bremer Law Group, LLC.

**DATED this 15 day of April, 2016**

I, Michael B. Wilkerson, affiant hereto, verify that I have read this affidavit, know the contents of this affidavit, and that the statements contained herein are true based on current knowledge and belief.

_____
Michael B. Wilkerson

Subscribed and sworn to before me by Michael B. Wilkerson on this 15 day of April, 2016

[Notary Seal: Patti Snell - Notary Public, County of Campbell, State of Wyoming, My Commission Expires 1-14-2019]

_____
Notary Public

My Commission Expires: 4/15/20 (crossed out) 1/14/2019

September 25, 2014

Dear Rocky mountain Recovery Systems:

In response to your letter that has dated September 2, 2014, your account number 151454, we request you send us validation and be advised we refuse to pay this alleged debt.

Regards,

George James
Kelly James



EXHIBIT 1

# ROCKY MOUNTAIN RECOVERY

101 Hastings Horseshoe
Powell, Wyoming 82435
Telephone:(307) 754-8215
Toll Free: (888) 226-7701

September 29, 2014

Kelly and George James
3422 Cribbon Ave
Cheyenne, WY 82001

Re: Account Validation

    Account Number:    151454
    Current Balance Due:    $ 110.79

Dear Kelly and George,

    Please find enclosed the verification you requested per your letter received on or about September 29, 2014 for Rocky Mountain Recovery's account # 151454.

    Correspondence in regard to the matter should be directed to us at the address listed above or you may call us at (888) 226-7701.

    If you have any questions, please contact one of our account managers.

    Federal Law requires that we inform you that this letter is from a debt collector, it is an attempt to collect a debt, and any information obtained will be used for that purpose.

**EXHIBIT 2**

Yours,

ROCKY MOUNTAIN RECOVERY

cc: 84713.rmr.ver

April 27, 2015

Dear Rocky mountain Recovery Systems:

In response to your letters that has dated April 7, 2015 and April 20, 2015, your account number 162090, we request you send us validation and be advised we refuse to pay this alleged debt.

Regards,

Breyanna James
Kelly James



EXHIBIT 3

## ROCKY MOUNTAIN RECOVERY SYSTEMS, INC.

101 Hastings Horseshoe
Powell, WY 82435
Toll Free: (888) 226-7701

Apr 29, 2015

BREYANNA JAMES
KELLY JAMES
3422 CRIBBON AVE
CHEYENNE, WY 82001

Re: Account Validation

    Account Number:    162090
    Original Creditor:    CHEYENNE UROLOGICAL PC
    Current Balance Due:    $103.42

Dear Breyanna and Kelly:

Please find enclosed the verification you requested per your letter on April 29, 2015 for Rocky Mountain Recovery's account #162090. Correspondence in regard to the matter should be directed to us at the address listed above or you may call us at (888) 226-7701. If you have any questions, please contact one of our account managers.

Federal Law requires that we inform you that this letter is from a debt collector, it is an attempt to collect a debt, and any information obtained will be used for that purpose.

Yours,

**EXHIBIT 4**

ROCKY MOUNTAIN RECOVERY SYSTEMS, INC.

101 Hastings Horseshoe
Powell, WY 82435

**Rocky Mountain Recovery Systems, Inc.**

Hours of Operation (MT):
Monday – Friday:
8:00 am – 5:00 pm

(307) 754-8215 • (888) 226-7701

June 12, 2015

| | |
|---|---|
| Creditor: | CHEYENNE UROLOGICAL PC |
| Original Creditor Account No.: | 27566 |
| Account No.: | 162090 |
| Amount: | $105.79 |



ACA
INTERNATIONAL
The Association of Credit
and Collection Professionals
Member

This letter is to notify you that the above debt has been assigned to Rocky Mountain Recovery Systems, Inc. for collection. Our records show that you owe this debt, and that the debt is past due and unpaid. We realize this amount due could be an oversight on your part and not a willful disregard of an apparent obligation. Please remit payment to the address listed below or call our office to use your major credit card. We can be reached at 307-754-8215 or 1-888-226-7701 between 8am to 5pm, Mountain Time.

For your information, the amounts you owe may be increasing daily due to interest accruing on your account.

Unless, within thirty (30) days after receipt of this letter, you dispute the validity of the debt or any portion thereof, we will assume the debt to be valid. If you notify this office in writing within the thirty (30) day period that the debt, or any portion thereof is disputed, we will obtain and mail to you verification of the debt or a copy of a judgment against you. In addition, we will provide you with the name and address of the original creditor, if different from the current creditor, if requested within the thirty (30) day period. Federal Law requires that we inform you that this letter is from a debt collector in an attempt to collect a debt, and any information obtained will be used for that purpose. Your right under federal law to request verification of this debt within thirty (30) days must be asserted in writing and is not affected by our request that you contact our office by telephone. Our collection efforts made during your thirty (30) day dispute period in no way affects your right under federal law to request verification of your debt.

Yours,

ROCKY MOUNTAIN RECOVERY SYSTEMS, INC.

Payment Options:

**EXHIBIT 5**

- Pay by Phone at 307-754-8215 or 1-888-226-7701
- Pay by Credit Card (complete and return form below or call our office)
- Call us at 307-754-8215 or 1-888-226-7701 to discuss payment arrangements
- Enclose a check or money order along with the bottom portion of this notice.

Enclosing the bottom portion of this notice with your payment will expedite credit to your account.

CCU064255L1V

---

101 Hastings Horseshoe
Powell  WY  82435-8111

ADDRESS SERVICE REQUESTED

| FOR CREDIT CARD PAYMENT, PLEASE COMPLETE AND RETURN | | |
|---|---|---|
| CREDIT CARD USING FOR PAYMENT  ☐ VISA  ☐ MASTERCARD | | |
| CARD NUMBER  PLUS 3 DIGIT SECURITY  CODE (on back of card) | | EXP. DATE  / |
| CARDHOLDER SIGNATURE | | AMOUNT $ |

June 12, 2015

162090-L1V     613268800

Kelly J James George R James
3422 Cribbon Ave
Cheyenne WY 82001-1077

ROCKY MOUNTAIN RECOVERY SYSTEMS, INC.
101 Hastings Horseshoe
Powell  WY  82435-8111

| | |
|---|---|
| Creditor: | CHEYENNE UROLOGICAL PC |
| Account No.: | 162090 |
| Amount: | $105.79 |

Amount Enclosed: $_____


WILKERSON & BREMER
ATTORNEYS AT LAW

210 N Bent St.
Powell, WY 82435
1-(307)754-8215
1-(800)890-3700

AT.151454
KELLY J JAMES
GEORGE R JAMES
3422 CRIBBON AVE
CHEYENNE WY 82001

Notice Date:
July 14, 2015

| CREDITOR | AMOUNT | INTEREST | FEES | TOTAL |
|---|---|---|---|---|
| CHEYENNE UROLOGICAL PC | 108.94 | 19.08 | 0.00 | 128.02 |
| CHEYENNE UROLOGICAL PC | 102.18 | 5.33 | 0.00 | 107.51 |
| TOTAL | 211.12 | 24.41 | 0.00 | 235.53 |

Our client, Rocky Mountain Recovery Systems, Inc, claims that the accounts listed above and assigned to them for collection has not been paid and they have retained Wilkerson & Bremer to represent them in this matter. The amount of our Client's claim against you is $ 235.53, which includes the original amount referred plus interest and fees as may be allowed by law, less any payments that you may have made to our Client.

If you have any questions or want to discuss possible payments you need to call 1-(307)-754-8215 or 1-(800)-890-3700 and ask for your account manager. Office hours are from 8 A.M. to 5 P.M. Monday thru Friday. You may send correspondence to Wilkerson & Bremer, 210 N Bent Street, Powell Wyoming 82435.

At this time, no attorney with this firm has personally reviewed the particular circumstances surrounding the accounts listed above. If you fail to take care of this matter or call, our client may ask us to provide additional services to recover the balance due.

Yours,
Wilkerson & Bremer
cc: file

**EXHIBIT 6**

Unless, within thirty (30) days following receipt of this letter, you dispute the validity of the debt or any portion therof, we will assume the debt to be valid. If you notify this office in writing within the thirty (30) day period that the debt, or any portion therof is disputed, we will obtain and mail to you verification of the debt or a copy of a judgment against you. In addition, we will provide you with the name and address of the original creditor, if different from the current creditor, if requested within the thirty (30) day period. Federal law requires that we inform you that this letter is from a debt collector in an attempt to collect a debt, and any information obtained will be used for that purpose. Your right under federal law to request verification of your obligation to our client is not affected by our request that you contact our office by telephone. Our collection efforts made during your thirty (30)day dispute period in no way effects your right under federal law to request verification of your obligation to our client.