Bret T. Allred; WSB 6-3835
Basin Law Group, LLC
117 N Bent Street
Powell, WY 82435
Telephone:  307-271-6008
Fax: 877-295-3104
Attorney for Co-Defendants

UNITED STATES DISTRICT COURT
for the
District of Wyoming

| | | |
|---|---|---|
| KELLY JAMES | ) | |
| Plaintiff | ) | |
| v. | ) | |
| | ) | Case No. 15-CV-141-F |
| ROCKY MOUNTAIN RECOVERY | ) | |
| SYSTEMS, INC. et al. | ) | |
| Defendants | ) | |

CO-DEFENDANTS' COMBINED MOTION FOR
PARTIAL DISMISSAL

COMES NOW, Michael B Wilkerson, Charlotte Wilkerson, Daniel Wilkerson,

Wilkerson & Bremer P.C. and Rocky Mountain Recovery Systems, Inc. (hereinafter referred to

as the "**Defendants**") by and through counsel and, pursuant to Rule 12(d)(6) of the Federal Rules

of Civil Procedure, moves the Court for a dismissal of the portions of the Plaintiff's claims

identified herein for failure to state a claim upon which relief can be granted.

<u>ISSUES</u>

1.  Are code damages for violations of the FDCPA limited to no more than $1,000.00 per

    civil action regardless of the amount of violations averred?

2.  Is the Plaintiff allowed to recover Code damages under the FDCPA separately and not

    jointly, from each defendant if the causes of action against each arose from the same

    events?

3. Can the Plaintiff seek to redress her grievances against Defendants for perceived violations of the Rules and Regulations promulgated by the Wyoming Collection Agency Board by filing a complaint with the judiciary?

<u>AUTHORITY</u>

1. 15 U.S.C. 1692 et. seq. (also known as the Fair Debt Collection Practices Act);

2. *Villanueva v. Account Discovery Systems, LLC*, 77 F.Supp.3d 1058 (D. Colo. 2015);

3. *Harper v. Better Business Servs*., *Inc.,* 961 F.2d 1561 (11th Cir. 1992);

4. *Wilson v. NACM-Oregon Service Co.*, 121913 ORDC, 3:12-cv-01515-ST (Dec. 19, 2013);

5. *Overcash v. United Abstract Grp., Inc*., 549 F.Supp.2d 193 (ND NY 2008);

6. *Green v. Monarch Recovery Mgmt.*, No. 1 :13-CV-00418, 2013 Wl 5203809 (S.D. Ind. Sept. 16, 2013);

7. *Martinez v. Scott*, No. H-1 0-1619, 2011 WL 3566970 (S.D. Tex. Aug. 12, 2011);

8. *Morgan v. Acct. Collection Tech., L.L.C.,* No. 05-CV-2131, 2006 Wl2597865 (S.D.N.Y. Sept. 6, 2006);

9. *Evanauskas v. Strumpf*, No. Civ. A. 300CV1106, 2001 WL 777477 (D. Conn. June 27, 2001);

10. Wyoming Statutes §§ 33-11-101 through 33-11-116*;*

11. Rules and Regulations of the Wyoming Collection Agency Board, Chapter 4, Section 6.

/

/

/

<u>ANALYSIS</u>

I.    <u>Are code damages for violations of the FDCPA limited to no more than $1,000.00 per</u>
      <u>civil action regardless of the amount of violations averred?</u>

The Plaintiff's complaint includes a prayer for an award of $5,000.00 from each

defendant for Code damages pursuant to 15 U.S.C. 1692k(a) which states:

(a)    Amount of damages

       Except as otherwise provided by this section, any debt collector who fails to

       comply with any provision of this subchapter with respect to any person is liable

       to such person in an amount equal to the sum of-

       (1)    any actual damage sustained by such person as a result of such failure;

       (2)    (A) in the case of <u>any action</u> by an individual, such additional damages as

              the court may allow, but <u>not exceeding $1,000</u>; …

Emphasis added.

Does the language of this statute allow a plaintiff to recover up to $1,000 in additional

damages for multiple actions violating the FDCPA or a single action violating multiple sections

of the FDCPA?  Or, does the statue's plain language limit a plaintiff's recovery to $1,000.00 per

civil action? Although the U.S. Supreme Court and the Tenth Circuit Court of Appeals have not

addresses this issue it has been decided in many federal appellate and district courts including

district courts within the Tenth Circuit.  The general consensus is that the language of the statue

limits additional damages to $1,000.00 per civil action regardless of the number of violations.

The U.S. District Court in and for Colorado in *Villanueva* on page 1075 provided the following

analysis:

The FDCPA sets a statutory maximum amount of damages at $1,000 per proceeding. 15

U.S.C. § 1692k(a)(2)(A); see also *Wright v. Finance Serv.*, 22 F.3d 647, 650-52 (6th Cir.

1994); *Harper v. Better Business Servs*., Inc., 961 F.2d 1561, 1563 (11th Cir. 1992).

Thus, regardless of whether Plaintiff establishes a single violation or several violations of

the FDCPA, the amount of statutory damages remains the same.

See *Harper* at 1563.  The Harper court based its decision on the plain language of the statute

stating:

> The FDCPA clearly states that additional damages "in the case of any action by
>
> an individual" shall not "exceed[] [sic] $1,000." 15 U.S.C. § 1692k(a)(2)(A) (1988)…."
>
> We acknowledge Harper's attempt to influence our construction of the FDCPA by
>
> utilizing the statute's legislative history and by advancing various policy arguments. But
>
> when the language of a statute is so clear, that text must control unless there is a clearly
>
> expressed legislative intent to the contrary.

See *Harper* at 1563.  In the event the Plaintiff successfully proves liability under the FDCPA

she is limited to an award of additional damages of no more than $1,000.00.

II.    Is the Plaintiff allowed to recover Code damages under the FDCPA separately and not

jointly, from each defendant if the causes of action against each arose from the same

events?

This issue has not been decided by the U.S. Supreme Court or the Tenth Circuit Court of

Appeals.  In 2013 the U.S. District Court in and for Oregon decided the *Wilson* case and

provided a detailed analysis.  The language of the Code allows for damages to be awarded

against more than one debt collector in a single proceeding, but only if each debt collector

independently violated the FDCPA.  Liability under the FDCPA can be imposed upon multiple

debt collectors in an action without independent violations of the FDCPA however this liability

is joint and several.  This ruling brings congruity between the various court decisions, most

notable of which, is the decision in the case of Overcash v. United Abstract Grp., Inc.  In

Overcash, two collection agencies violated the FDCPA on more than one occasion.

Contradicting an earlier decision by the Southern District of New York limiting damages to

$1,000 per case, the Northern District of New York reasoned that:

> By its terms, however, the statute does not impose such a limitation. The statute provides,
>
> in part, that "any debt collector ... is liable" for additional damages not to exceed $1,000.
>
> In other words, the limitation that the statute imposes is cast not in terms of the plaintiff's
>
> recovery, but in terms of the defendant's liability. Thus, in the case of multiple
>
> defendants, each may be liable for additional damages of up to $1,000.

See id at 196-97.  Overcash involved two separate and distinct debt collectors. Allowing an

award of additional damages up to $1,000 per defendant furthers the purpose of the FDCPA to

create an incentive for debt collectors to obey the law, but limiting that award to defendants

acting independently from each other also avoids an unwarranted double recovery.  See *Wilson*

at *9.

However, there is an abundance of courts taking a more restrictive view holding that Code

damages are capped at $1,000.00 in all actions involving more than one defendant.  See *Green* at

*2 ("the maximum statutory damages for this suit is $1,000 total, not per defendant); *Martinez* at

*5 ("While individual plaintiffs can each recover $1,000 in statutory damages for FDCPA

violations, they cannot recover this amount from each defendant."); *Morgan* at *3 (holding that"

[S]ection 1692k(a)(2)(A) creates a ceiling that limits the damages an individual plaintiff can

receive per proceeding, not per defendant"); *Evanauskas* at *6 (rejecting plaintiff's argument that "the court should award ... a single plaintiff separate statutory damage awards from multiple defendants" and finding that" statutory damages are limited to $1,000 per action").

The application of either approaches in this case would lead to the same results. The facts set forth in the Plaintiff's complaint, if taken as true, show, that all communications, written and oral, were the result of a collaborated effort of all of the Defendants causing each communication to occur. No communication was made to the Plaintiff that did not include the involvement of all defendants. See paragraph 24 of the Plaintiff's complaint. The result is that any award for Code damages against more than one defendant could not exceed $1,000.00 to be paid jointly and severally.

III.    <u>Can the Plaintiff seek to redress her grievances against the Defendants for perceived violations of the Rules and Regulations promulgated by the Wyoming Collection Agency Board by filing a complaint with the judiciary?</u>

Wyoming has set forth certain statutes governing collections of debts by third party collectors within the State of Wyoming. *See W.S. § 33-11-101 through 33-11-116* (hereinafter referred to as the "**Act**"). The Act creates a Collection Agency Board and its chairman (hereinafter referred to collectively as the "**Board**") and designates certain duties and authorities upon the Board. W.S § 33-11-105 defines the powers and duties of the Board which are limited to the issuing and refraining from issuing licenses to collection agencies wishing to conduct business in Wyoming. The Wyoming legislature also saw fit to delegate some of its legislative powers to the Board in W.S. § 33-11-106 which states, in pertinent part: "The board shall make reasonable rules and regulations <u>for the administration of this act</u>, and for <u>prescribing acceptable</u>

professional standards of conduct of licensees." (Emphasis added).  The rules and regulations of the Board cannot exceed the authority given by this statute which is very clear that the only standards of conduct that can be prescribed by the Board are those of "licensees" and not collection agencies or debt collectors as those terms are defined in W.S. § 33-11-101.  The Act defines "'Debt collector' [to mean] any person employed or engaged by a collection agency to perform the collection of debts owed or due or asserted to be owed or due to another, including any owner or shareholder of the collection agency business who engages in the collection of debts."  A "licensee," or one who is required to procure a license to collect third party debts in Wyoming, is identified in W.S. § 33-11-102 which requires anyone who falls within the broad, and almost all inclusive, definition of the terms "Collection Agency" and Debt "Collector" to procure a license from the Board.  However, W.S. § 33-11-102 goes on to expressly carves out exceptions for "Debt Collectors" "acting in the course of his employment for a collection agency licensed in Wyoming.   Therefore, it is clear from the text of the Act that the Board can only create rules and regulations to prescribe standards of conduct for licensed collection agencies and not their employees, officers or shareholders even if they engage in debt collection.

Section 6 of Chapter 4 of the Rules and Regulations promulgated by the Board (hereinafter referred to as the "**WYO FDCPA**") adopts the FDCPA by reference in its entirety.   It is under this section that the Plaintiff is seeking statutory damages from Mrs. Wilkerson.  All of Mrs. Wilkerson's defenses to the Plaintiff's FDCPA claims stated above also apply to Plaintiff's WYO FDCPA claim.  Additionally, if the WYO FDCPA is interpreted to be an attempt by the Board to regulate conduct of non-licensees such as employees, officers and shareholders of collection agencies it exceeds its authority and such regulations have no force of law.  Whenever incorporating other statues or code sections by reference there is bound to be incongruities

between definitions and applicability.  Then the Boards rules and regulations are read as a whole it is clear that the Board only intended to use the FDCPA as a standard of conduct for "licensees."  Mrs. Wilkerson does not fall within the definition of "Collection Agency" or "Debt Collector" as set forth in W.S. § 33-11-101 because she is not engaged in collecting third party debts therefore she is not required to be licensed by the Board and therefore is not governed by the WYO FDCPA.

Also, there is no private right of action for violations of the WYO FDCPA.  W.S. § 33-11-112 identifies the procedures for private parties to seek redress for violations of the Act or the Boards rules. "Any interested person <u>may file a verified written complaint</u> charging any collection agency licensee with the <u>violation of this act or the rules</u> adopted by the board, or with conduct that shows the licensee is unworthy to continue to operate a collection agency within this state. The <u>complaint shall be filed with the board</u> which shall investigate the complaint if necessary or refer the complaint to appropriate staff for investigation and <u>referral back to the</u> <u>board for proper disposition.</u>" *See W.S. § 33-11-112(a).*  A private citizen cannot seek redress in the judicial systems for violations of the WYO FDCPA without first complying with the Wyoming Administrative Procedures Act and W.S. § 33-11-112.

**WHEREFORE**, Defendants pray as follows:

a.  For the Court to order that Code damages cannot exceed $1,000.00 per civil action;

b.  For the Court to order any award of Code damages against multiple defendants cannot exceed $1,000.00 jointly and severally between such defendants;

c.  For the Court to dismiss Plaintiff's claim for damages under the Rules and Regulations promulgated by the Wyoming Collection Agency Board.

d. For such further relief as the Court may deem just and proper in the premises.

**DATED** this 15 April 2016.

Bret T. Allred 6-3835
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing motion

with all exhibits and attachments were served upon the Plaintiff by depositing the same in the US

Mail, duly enveloped and with postage prepaid, this 15 day of April, 2016, addressed to: Kelly

James, 3422 Cribbon Avenue, Cheyenne, WY 82001.

Bret T. Allred